**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FEB 5 2003**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

ROBERT FARRELL WILLNER,

      Petitioner - Appellant,

v.

RICK SOARES; ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

      Respondents - Appellees.

No. 02-1352
D.C. No. 99-RB-2465 (BNB)
(D. Colorado)

ORDER AND JUDGMENT[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.[**]

Mr. Willner, a state inmate appearing pro se, seeks to appeal from the

district court's order denying his petition for a writ of habeas corpus. Mr. Willner

was convicted of first degree murder and a crime of violence and sentenced to life

imprisonment after shooting the person seeking to repossess his truck. In his

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

petition, Mr. Willner made three claims: (1) the trial court violated his right to a fundamentally fair trial when it allowed evidence that he had fired a gun while attempting to preserve property on two prior occasions, (2) ineffective assistance of trial counsel based upon the (a) failure to assert a defense of voluntary intoxication, (b) failure to investigate and present expert testimony concerning automotive transactions, and (c) failure to seek a mistrial because some prospective jurors saw him in handcuffs, and (3) the trial court violated his Sixth Amendment right to an impartial jury by allowing jurors to question witnesses about exhibits.

The Colorado Court of Appeals rejected all of these claims as procedurally barred because Mr. Willner raised them in a second Colo. R. Crim. P. 35(c) motion. I R. Doc. 9, App. H at 3-4. It further observed that: claim (1) had been resolved against Mr. Willner on direct appeal on state law evidentiary grounds; claim (2) had been resolved against Mr. Willner in his first Rule 35(c) motion; and claim (3) never had been raised before. See id. at 3-5; see also I R. Doc. 9, App. D (denial of first Rule 35(c) motion by Colorado Court of Appeals); I R. Doc. 9, App. B at 7 (Supreme Court direct appeal reversing Colorado Court of Appeals and reinstating judgment of conviction) (People v. Willner, 879 P.2d 19 (Colo. 1994)). It rejected Mr. Willner's contention that these were not successive claims because all prior claims had been based upon state law. I R. Doc. 9, App.

H at 2.

The magistrate judge determined that claims (1) and (3) were procedurally barred and Mr. Willner could not show cause and prejudice, or a fundamental miscarriage of justice. Regarding claim (2), the magistrate judge concluded that the Colorado Court of Appeals resolution was not an unreasonable application of federal law. 28 U.S.C. § 2254(d). It bears noting that the Colorado Court of Appeals recited standards comparable to the federal standards in evaluating the merits of claim (2) (ineffective assistance) contained in the first Rule 35(c) motion. I R. Doc. 9, App. D at 2. The district court agreed with the magistrate judge.

In order for this court to grant a certificate of appealability (COA), Mr. Willner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

After reviewing the record and Mr. Willner's briefs, we agree with the magistrate judge's conclusion concerning claim (2). The resolution of claims (1) and (3) requires additional discussion. Although Mr. Willner argues that the

Colorado Court of Appeals' reasoning that his second Rule 35(c) motion is successive is faulty, we do not review errors of state law. However, neither the district court nor the magistrate judge addressed Mr. Willner's contention that the resulting procedural bar should not be applied in this case because it is not regularly followed and therefore cannot constitute an adequate and independent state law ground. Mr. Willner notes that Colorado courts have discretion to entertain a second Rule 35(c) motion given special circumstances. He relies upon Demarest v. Price, 130 F.3d 922, 939-40 (10th Cir. 1997), which recognized that one such special circumstance is a complete lack of counsel in post-conviction proceedings. Although Mr. Willner was represented on appeal of his first Rule 35(c) motion, he was denied counsel at the state district court.

We need not decide the issue of procedural bar, however. Even assuming that Mr. Willner can show that jurists of reason would find the district court's procedural bar ruling on claims (1) and (3) debatable, he still must show that the underlying constitutional claims are debatable. Slack, 529 U.S. at 484-85. Regarding claim (1), Mr. Willner has not shown that the admission of the prior bad acts evidence was grossly prejudicial, fatally infecting his trial and denying him the fundamental fairness that constitutes due process. See Bullock v. Carver, 297 F.3d 1036, 1055 (10th Cir.), cert. denied, 123 S.Ct. 703 (2002). The Colorado Supreme Court's resolution of the prior bad acts claim was not

unreasonable and is not a basis for relief under 28 U.S.C. § 2254(d)(1). See Revilla v. Gibson, 283 F.3d 1203, 1212 (10th Cir.), cert. denied, 123 S. Ct. 541 (2002). That court held that the prior bad acts were relevant in light of Mr. Willner's defenses of self defense and lack of premeditation, and it rejected the notion that the evidence only proved conduct in conformity with character, or propensity. Willner, 879 P.2d at 26-27.

Insofar as the new claim concerning jurors being allowed to question witnesses about exhibits, the practice has never been prohibited in federal courts, and is allowed in many state courts. See United States v. Richardson, 233 F.3d 1285, 1288-90 (11th Cir. 2000), cert. denied, 532 U.S. 913 (2001). We have carefully considered the transcript citations contained in Mr. Willner's petition on this issue, see I R. Doc. 4, Atch. at 25-30, and conclude that he cannot show that such questioning violated his Sixth Amendment right to an impartial jury because it turned the jurors into "junior prosecutors." Nor does the practice implicate fundamental fairness in this case. The questioning was limited to exhibits, and was controlled by the trial judge and the parties. See United States v. Bush, 47 F.3d 511, 514 (2d Cir. 1995) (rejecting plain error challenge to juror questioning for want of prejudice). Though the submission of written questions for screening by the judge may indeed be the safer practice, a federal habeas court does not exist to manage state practice.

We DENY a COA, DENY IFP status as moot, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge